**In re Petition for DISCIPLINARY ACTION AGAINST William F. JONES, a Minnesota Attorney, Registration No. 146444.**

No. A11–0878.

Supreme Court of Minnesota.

March 26, 2012.

### ORDER

On May 12, 2011, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent William F. Jones committed professional misconduct warranting public discipline, namely, failing to timely pursue disputed tax liabilities on a client's behalf; failing to properly document the formation of a corporation established for a client's business; acquiring an

interest in a client's corporation without providing the notices and obtaining the consent required by the Minnesota Rules of Professional Conduct; diverting funds from a client's corporation for respondent's own benefit; agreeing to convey real estate to the client's corporation without providing the notices and obtaining the consent required by the Minnesota Rules of Professional Conduct; advising an unrepresented third person to convey her interest in real estate to respondent's client without disclosing to the third person that the client's interests were adverse to hers; failing to correct the third person's misunderstanding of his role in the matter and providing legal advice to the third person; and reconveying the third person's real estate back to her subject to a significant secured debt of respondent's client, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.7, 1.8(a), and 8.4(c). Respondent withdraws an answer he has filed, waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and except for two paragraphs, admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is an additional 18–month minimum term of suspension added to respondent's current indefinite suspension as ordered in *In re Jones,* 763 N.W.2d 38 (Minn.2009). Under the parties' recommended disposition, respondent would not be eligible to apply for reinstatement until at least September 26, 2013. Respondent also agrees that upon reinstatement, in addition to any other terms and conditions imposed by this court, he shall be permanently prohibited from entering into business transactions with any current or former clients.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings therein,

IT IS HEREBY ORDERED THAT:

1. Respondent William F. Jones's current indefinite suspension from the practice of law is extended by an additional 18–month minimum term of suspension. Under his new indefinite suspension, respondent has no right to petition for reinstatement until at least September 26, 2013.

2. Reinstatement is conditioned upon compliance with Rule 18(a)-(d), RLPR. Reinstatement is further conditioned upon successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

3. If respondent is reinstated to the practice of law, in addition to any other terms and conditions imposed by this court at that time, respondent shall be permanently prohibited from entering into business transactions with any current or former clients.

4. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice